Kyle P. Kelley, Esq. [State Bar No. 178302]
e-mail:   kkelley@kpklaw.com
LAW OFFICES OF KYLE P. KELLEY
51 Rainey Street, Suite 801
Austin, Texas 78791
Telephone:      (310) 273-0590
Facsimile:      (310) 273-1115

Attorney for Plaintiff
Kirk Rothrum

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK ROTHRUM, d/b/a bangin-beats.com, <br><br> Plaintiffs, <br><br> vs. <br><br> SONY MUSIC ENTERTAINMENT, a Delaware general partnership; RCA RECORDS, INC., a Delaware corporation; ZOMBA RECORDING, LLC, a Delaware limited liability company; <br><br> Defendants. | CASE NO. 2:15-CV-3319 <br><br> COMPLAINT FOR: <br><br> 1)   COPYRIGHT INFRINGEMENT (Britney Spears - *Piece of Me*) <br> 2)   COPYRIGHT INFRINGEMENT (Travis Porter - *Ayy Ladies*) <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Kirk Rothrum hereby alleges as follows:

**THE PARTIES**

1.   Plaintiff KIRK ROTHRUM ("Plaintiff") is an individual who at all relevant times alleged herein was domiciled in the State of New York.

2.   Plaintiff is informed and believes and based thereupon alleges that defendant Sony Music Entertainment ("SME") is a general partnership organized and existing under the laws of the

State of Delaware with its principal places of business in New York, New York and in Beverly Hills, California. Plaintiff is informed and believes and based thereon alleges that SME is qualified to do business in the State of California.

3. Plaintiff is informed and believes and based thereon alleges that defendant RCA RECORDS, INC. ("RCA") is a corporation organized and existing under the laws of the State of New York, with its principal places of business in the State of New York. Plaintiff is further informed and believes and based thereupon alleges that RCA is a subsidiary of SME.

4. Plaintiff is informed and believes and based thereon alleges that defendant ZOMBA RECORDING, LLC ("Zomba") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York. Plaintiff is further informed and believes and based thereon alleges that Zomba is a subsidiary of SME. Plaintiff is further informed and believes and based thereon alleges that Zomba has qualified to do business in the State of California and has its office in the city of Beverly Hills in the County of Los Angeles.

## JURISDICTION & VENUE

5. This Court has exclusive jurisdiction over plaintiff's claims under 28 U.S.C. §1338 in that the copyright infringement claims alleged arise under the Copyright Act of the United States, 17 U.S.C. §501 et seq.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. 1400(a) because defendants reside in or may be found in this judicial district.

/ / /

BACKGROUND FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.  Plaintiff is the owner of www.bangin-beats.com (the "Web Site"), which is one of the preeminent web sites for musical artists seeking drum samples, sound designs and sound effects. Plaintiff's sounds have been featured on songs by artists such as 50 Cent, Lloyd Banks, Eminem, Jay-Z and Rihanna, to name a few.

8.  Customers of the Web Site can purchase individual sound kits, or collections of kits which are referred to as a "Series", which Series are in turn contained in collections which are referred to as "Libraries". Customers who purchase sound files from the Web Site are granted a non-exclusive, non-transferrable license to use the files on equipment at the purchaser's residence or place of business in their sound recordings.

9.  On or about November 27, 2007, Plaintiff obtained Sound Recording Copyright SR0000622061 from the U.S. Copyright Office for the Bangin Beats Sound Design Library ("Library"). The Library was first published on August 1, 2007, and it contained the following Series: Bang Theory; Bangin Flutes; Chop Shop; Dirt Rhodez; Elementz; Gutta Logic; Lab Dwella; Misc. Xtraz; Nasty Next; Oodlez; Perfect Jux; Weaponz; Windstorm.

10. The Oodlez series contains the following computer files UH1, UH2 and OOOO and OHYEAH, which contain sound recording samples of a woman seductively moaning and voicing the phrases "uhh", "uhh", "oooh" and "oh yeah", which files are named UH1, UH2, OOOO and OHYEAH, respectively (the "Bangin Beats Samples").

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement**

**Britney Spears'** *Piece of Me*

**Against Sony Music Entertainment and Zomba Recording**

10. Plaintiff incorporates paragraphs 1 through 9, inclusive, as though set forth herein in full.

11. In or about November, 2007, Zomba, in conjunction with SME and RCA, released the Britney Spears album entitled Blackout, which contained the hit song *Piece of Me*.

12. Defendant Zomba obtained Sound Recording Copyright #SR0000609604 from the U.S. Copyright Office for Blackout on or about November 1, 2007.

13. Plaintiff is informed and believes and based thereupon alleges that the sound recording *Piece of Me* repeatedly emphasizes recordings of a woman voicing the phrases "uhh" and "oh yeah" in a seductive manner (the "Britney Phrases").

14. The Britney Phrases are repeated regularly throughout the song and are used to such an extent that most of the on-line lyric databases assume that the Britney Phrases are a part of the lyrics. The Britney Phrases are featured at the following time marks on the digital copy of the *Piece of Me* sound recording available from iTunes:

```
1.  00:00:02 (Uhh)
2.  00:00:04 (Oh Yeah)
3.  00:00:07 (Uhh)
4.  00:00:09 (Oh Yeah)
5.  00:01:01 (Uhh)
6.  00:01:03 (Oh Yeah)
7.  00:01:05 (Uhh)
8.  00:01:07 (Oh Yeah - Without beat underlying)
9.  00:01:59 (Uhh)
10. 00:02:01 (Oh Yeah - With echo for emphasis)
11. 00:02:03 (Uhh)
12. 00:02:05 (Oh Yeah - Without beat underlying)
```

```
13.  00:02:26 (Oh Yeah)
14.  00:03:00 (Oh Yeah)
15.  00:03:08 (Oh Yeah - Without beat underlying, very last
     sound in song)
```

15. In the official music video for *Piece of Me*, the video ends with the artist, Britney Spears, mouthing the phrase "Oh Yeah", as if she had recorded the sound. In short, the Britney Phrases make up an important, structural component of the sound recording.

16. In or about October, 2014, Plaintiff was driving and heard the song *Piece of Me* on the radio and immediately noticed the similarities between the Britney Phrases contained in the *Piece of Me* recording and two of the Bangin Beats Samples, specifically the UH1 and OHYEAH files.

17. After further analysis of the *Piece of Me* sound recording, including isolating the samples, Plaintiff concluded that the Britney Phrases were in fact the actual Bangin Beats Samples contained in the Oodlez Series, specifically the files UH1 and OHYEAH.

18. Plaintiff is informed and believes and based thereon alleges that the UH1 and OHYEAH files incorporated into the *Piece of Me* sound recording were not purchased from Plaintiff by defendants or anyone acting on their behalf. As such, no license to use the UH1 or OHYEAH files was given to defendants, and the sound recording for *Piece of Me* infringes Plaintiff's sound recording copyright for the Bangin Beats Samples in violation of 17 U.S.C. 114(b) by literally copying and including the sound recording contained on those files.

/ / /

19. Plaintiff is informed and believes and based thereon alleges that *Piece of Me* was an enormous domestic and international success. According to Soundscan, which tracks domestic sales of songs and albums, through October 19, 2014, <u>Blackout</u> sold 845,877 physical units (e.g., compact discs) and 181,279 digital units, plus 1,795,146 digital units (e.g., iTunes downloads) and 54,095 digital remixes. Plaintiff is further informed and believes and based thereon alleges that defendants sold a significant number of ringtones which contained the infringing samples, both domestically and in foreign markets.

20. Plaintiff is further informed and believes and based thereon alleges that defendants have sold millions more copies internationally through iTunes under license with Apple, located in Cupertino, California, as well as through other domestic companies which sell digital copies of songs to the international market.

21. Plaintiff is informed and believes and based thereon alleges that when a new song or album is released by Defendants on iTunes, as well as other domestic digital music platforms, Defendants upload a computer file containing the master recording to Apple's servers. Defendants are also required to execute contracts with Apple for the sale of their content in foreign territories outside of the United States. After such contracts are executed, Apple makes the content available on iTunes in foreign jurisdictions.

22. As a direct and proximate result of defendants' infringement and the worldwide sale, distribution and performance of the infringing work, plaintiff has been damaged in an amount according to proof at trial. As a further direct and proximate

result of defendants' infringement, defendants' have been unjustly enriched by the receipt of mechanical royalties, tour revenues and other receipts directly attributable to their sale, distribution and performance of the infringing work throughout the United States and the world, which profits should be disgorged. (17 U.S.C. §504(b)).

23. Alternatively, plaintiff is entitled to elect to receive statutory damages. (17 U.S.C. §504(c)).

24. Plaintiff is further entitled to an award of attorneys' fees and costs. (17 U.S.C. §505).

SECOND CLAIM FOR RELIEF

Copyright Infringement

Travis Porter's *Ayy Ladies*

Against Sony Music Entertainment and RCA

25. Plaintiff incorporates paragraphs 1 through 9, inclusive, as though set forth herein in full.

25. On or about May 25, 2012, defendants released the album entitled From Day 1 by the hip hop artist known as Travis Porter. The album From Day 1 contained the single entitled *Ayy Ladies (feat. Tyga)* ("*Ayy Ladies*").

26. On or about June 4, 2012, SME obtained Sound Recording Copyright SR0000701460 for From Day 1.

27. When Plaintiff first heard *Ayy Ladies*, Plaintiff immediately noticed that the *Ayy Ladies* sound recording contained vocalizations of the "uhh" and "oooh" phrases ("Ayy Ladies Phrases") which sounded identical to the UH2 and OOOO files on the Oodlez Series.

/ / /

28. After further analysis of the *Ayy Ladies Phrases* and the sound recording, plaintiff determined that the vocalizations of these sounds were in fact two of the actual Bangin Beats Samples contained in the Oodlez Series, specifically the files UH2 and OOOO.

29. Plaintiff is informed and believes and based thereon alleges that the files incorporated into the *Ayy Ladies* sound recording were not purchased from Plaintiff by defendants or anyone acting on their behalf. As such, no license to use the Infringed Files was given to defendants and the samples contained in the sound recording for *Ayy Ladies* infringe Plaintiff's sound recording copyright for the UH2 and OOOO files in violation of 17 U.S.C. 114(b).

30. Plaintiff is further informed and believes and based thereon alleges that defendants have sold a significant number of copies internationally through iTunes under license with Apple, located in Cupertino, California, as well as other domestic companies which sell digital copies of songs to the international market. Plaintiff is further informed and believes and based thereon alleges that defendants sold a significant number of ringtones which contained the infringing samples, both domestically and in foreign markets.

31. Plaintiff is informed and believes and based thereon alleges that when a new song or album is released by Defendants on iTunes, as well as other domestic digital music platforms, Defendants upload a computer file containing the master recording to Apple's servers. Defendants are also required to execute contracts with Apple for the sale of their content in foreign

territories outside of the United States. After such contracts are executed, Apple makes the content available on iTunes in foreign jurisdictions.

32. As a direct and proximate result of defendants' infringement and the worldwide sale, distribution and performance of the infringing work, plaintiff has been damaged in an amount according to proof at trial. As a further direct and proximate result of defendants' infringement, defendants' have been unjustly enriched by the receipt of mechanical royalties, tour revenues and other receipts directly attributable to their sale, distribution and performance of the infringing work throughout the United States and the world, which profits should be disgorged. (17 U.S.C. §504(b)).

33. Alternatively, plaintiff is entitled to elect to receive statutory damages. (17 U.S.C. §504(c)).

34. Plaintiff is further entitled to an award of attorneys' fees and costs. (17 U.S.C. §505).

WHEREFORE, Plaintiff Kirk Rothrum prays for judgment as follows:

1. For actual damages in an amount according to proof at trial;

2. For an order requiring defendants to disgorge all profits attributable to the sale, distribution and performance of the infringing work;

3. Alternatively, for statutory damages;

4. For pre-judgment interest;

5. For costs of suit;

/ / /

6. For an award of attorneys' fees; and,

7. For such other and further relief as may be just and proper.

Dated: May 3, 2015          LAW OFFICES OF KYLE P. KELLEY

                            By: _____
                                Kyle P. Kelley
                                Attorneys for Plaintiff

**DEMAND FOR JURY**

Plaintiff Kirk Rothrum hereby demands trial by jury.

Dated:   May 3, 2015          LAW OFFICES OF KYLE P. KELLEY

By: ___/s/ Kyle P. Kelley___
    Kyle P. Kelley
    Attorney for Plaintiffs